# In the United States District Court
# for the Southern District of Georgia
# Savannah Division

ANN EDENFIELD LEMLEY, as
Administrator of the Estate
of WILLIAM JACOB WADE,
Deceased; and ANN EDENFIELD
LEMLEY, Individually,

No. 4:16-CV-080

Plaintiffs,

v.

RED BULL NORTH AMERICA, INC.,

Defendant.

## ORDER

Before the Court in this products liability and wrongful death case is Defendant Red Bull North America, Inc.'s ("Red Bull, Inc.") Motion to Dismiss, dkt. no. 14. The Motion is fully briefed, dkt. nos. 14-1, 20, 22, and is now ripe for decision. For the reasons stated below, it is **GRANTED**. In particular, the complaint fails to allege how much Red Bull energy drink the decedent consumed, when he consumed it, or the circumstances of his death.

## FACTUAL BACKGROUND

The Court assumes the truth of the facts alleged in the complaint. Fed. R. Civ. P. 12(b)(6). Plaintiff[1] Ann Edenfield Lemley, of Chatham County, Georgia, brought suit against Red Bull, Inc., a non-Georgia citizen, on March 28, 2016. Dkt. Nos. 1, 1-1. She alleged strict liability design defect and failure to warn; negligent design, manufacture, and sale; negligent failure to warn; fraud; breach of implied warranties; and wrongful death. See generally id. She sought $60,000,000 in compensatory and punitive damages. Id. at 27.

Lemley's son, William Jacob Wade, suffered cardiac arrhythmia, "aortic dissection, hypertension, and other cardiovascular problems, and ultimately . . . [died] on August 8, 2014." Id. ¶¶ 32, 47. He had "incur[red] expenses for doctors, hospitals, nurses, pharmaceuticals, and other reasonably required and medically necessary supplies and services." Id. ¶ 95. At some earlier point, he had drunk some quantity of Red Bull. Id. ¶¶ 1, 24, 36. Crucially, the complaint makes no further allegations regarding Wade's Red Bull consumption or his death.

Red Bull is an energy drink designed, manufactured, tested, marketed, and distributed by Red Bull, Inc. Id. ¶¶ 3, 6, 24. It contains caffeine and taurine. Id. ¶ 14. Red

---

[1] Acting individually and as administrator of the estate of William Jacob Wade. The Court will refer to Ms. Lemley in the singular.

Bull, Inc. markets Red Bull as "provid[ing] benefits to consumers in that it 'gives [them] wings' resulting in increased physical and/or mental performance." Id. ¶ 25. Red Bull and similar energy drinks have been the subject of media, legal, and medical scrutiny for their supposed role in heart problems—some fatal. Id. ¶¶ 7-23, 51.

**LEGAL STANDARD**

A complaint must be "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). It must go beyond "labels and conclusions, and a formulaic recitation of the elements of a cause of action." Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007). It has to "contain inferential allegations from which [the court] can identify each of the material elements necessary to sustain a recovery under some viable legal theory." Roe v. Aware Woman Ctr. for Choice, Inc., 253 F.3d 678, 684 (11th Cir. 2001).

"Factual allegations must be enough to raise a right to relief above the speculative level . . . ." Id.; see also Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (holding Rule 8 "demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation."). They must send a case across the threshold from possibility to plausibility. Iqbal, 556 U.S. at 678.

Although a court must assume the truthfulness of the complaint's factual allegations, it is "not bound to accept as true a legal conclusion couched as a factual allegation." Papasan v. Allain, 478 U.S. 265, 286 (1986).

> Determining whether a complaint states a plausible claim for relief will . . . be a context-specific task that requires the . . . court to draw on its judicial experience and common sense. But where the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged—but it has not "show[n]"—"that the pleader is entitled to relief."

Iqbal, 556 U.S. at 679 (internal citation omitted).

### DISCUSSION

The present motion to dismiss will be granted. Most of Lemley's causes of action have as an element proximate causation. The complaint fails to advance proximate causation from mere possibility to plausibility because it does not allege how much Red Bull Wade consumed, or when he did so in relation to his death. This shortcoming triggers dismissal. See Roe, 253 F.3d at 684 (holding complaint must "contain inferential allegations from which [the court] can identify <u>each of the material elements necessary</u> to sustain a recovery") (emphasis added). Nor are the complaint's other allegations adequate.

All of Lemley's claims, with the exception of breach of implied warranties, are dismissed **WITHOUT PREJUDICE**, because

"a more carefully drafted complaint might state a claim." Bank v. Pitt, 928 F.2d 1108, 1112 (11th Cir. 1991) (per curiam), overruled in part, Wagner v. Daewoo Heavy Indus. Am. Corp., 314 F.3d 541 (11th Cir. 2002) (en banc) (unanimous opinion).

I. LEMLEY'S DESIGN DEFECT CLAIM IS DISMISSED.

Lemley's strict liability design defect claim must be dismissed because the complaint fails to allege enough facts for the Court to find it plausible, as opposed to merely possible, that "[Red Bull's] defective condition proximately caused [Lemley's] injury."[2] Henderson v. Sun Pharms. Indus., Ltd., 809 F. Supp. 2d 1373, 1378 (N.D. Ga. 2011) (citing Chi.

---

[2] The Court is not convinced, however, that the complaint fails to allege a product defect. Red Bull, Inc. characterizes as insufficient the complaint's allegation that Red Bull contains a dangerous combination of "exorbitant levels of caffeine, taurine, and other harmful chemicals," dkt. no. 1 ¶ 31. Red Bull, Inc. responds that caffeine is safe and legal, as is taurine. Dkt. No. 14-1 at 9.

It was enough for the complaint to allege—as it did, with citations to medical literature—"the toxicity of the [taurine]/caffeine combination." McClain v. Metabolife Int'l, Inc., 401 F.3d 1233, 1237 (11th Cir. 2005) (emphasis added); Dkt. No. 1 ¶¶ 7-23, 31, 51, 98. Red Bull, Inc.'s arguments to the contrary are unpersuasive. It cites McClain to argue that studies need to be definitive to establish general causation, dkt. no. 22 at 8, but McClain analyzed scientific expert testimony under Daubert v. Merrell Dow Pharmaceuticals, Inc., 509 U.S. 579 (1993). That involves a far closer inquiry than does failure to state a claim. Red Bull, Inc.'s other citations are to cases where complaints do not allege what about a product makes it dangerous. Moore v. Mylan, Inc., 840 F. Supp. 2d 1337, 1344-45 (N.D. Ga. 2012) (considering general allegations that defendants' FDA-approved products "were unreasonably dangerous"); Goodson v. Bos. Sci. Corp., No. 1:11-CV-3023, 2011 WL 6840593, at *4 (N.D. Ga. Dec. 29, 2011) (considering general allegations that defendant's products "were not reasonably safe for their intended use and were defective as a matter of law" (citation omitted)); Henderson, 809 F. Supp. 2d at 1378-79 (considering allegations of defendant's manufacturing defects that were unrelated to the case). Here, by contrast, the complaint zeroed in on Red Bull's supposed "dangerous levels of caffeine, taurine, and other chemicals." Dkt. No. 1 ¶ 98. This pleading was adequate.

Hardware & Fixture Co. v. Letterman, 510 S.E.2d 875, 877-78 (Ga. Ct. App. 1999)). "[G]eneral, conclusory allegations, devoid of any specific, factual content to support the legal conclusions are plainly insufficient . . . ." Id. at 1379. The complaint contains a mere conclusory allegation that Red Bull caused Wade's death. Dkt. No. 1 ¶ 39 ("[T]he circumstances surrounding Mr. Wade's injuries and death exclude all causes other than RED BULL's failure."). It is devoid of any specific, factual content regarding Wade's Red Bull consumption, his death, or the relationship between the two. Lemley's design defect claim must be dismissed.

There is nothing to the contrary in Edwards v. Wisconsin Pharmacal Co., 987 F. Supp. 2d 1340, 1344-45 (N.D. Ga. 2013). The complaint in that case gave the specific date that the plaintiff used the defendant's product, then alleged: "Soon after [use] . . . and as a result thereof, the Plaintiff experienced third degree burns to his person." Dkt. No. 1-1 ¶¶ 8-9, Edwards v. Wisc. Pharmacal Co., No. 3:13-CV-143 (N.D. Ga. Aug. 15, 2013). This allowed the district court to infer proximate causation in a way that the current complaint does not. It would have been one thing for the complaint here to have alleged, for instance, that Wade died of a heart attack shortly after consuming Red Bull. But, for all the complaint alleges, Lemley's case could just as readily be based on

6

⊃ 72A
.ev. 8/82)

Wade's having drunk two cans of Red Bull when the drink was first introduced in 1987, dkt. no. 1 ¶ 6, then dying nearly three decades later. Edwards does not excuse the exceedingly vague pleading here.

**II. LEMLEY'S FAILURE TO WARN CLAIM IS DISMISSED.**

Lemley's strict liability failure to warn claim must be dismissed for the same reason. One of the elements of failure to warn under Georgia law is that the defendant proximately caused the plaintiff's injuries. In re Mentor Corp. ObTape Transobturator Sling Prods. Liab. Litig., 711 F. Supp. 2d 1348, 1365 (M.D. Ga. 2010) (citing Dietz v. Smithkline Beecham Corp., 598 F.3d 812, 815 (11th Cir. 2010)) (applying Georgia law). The complaint here does not even adequately allege that *drinking Red Bull* was part of the chain of events that ultimately toppled Wade; it thus cannot adequately allege that the product's labeling was the first domino to fall.[3]

---

[3] The Court rejects Red Bull, Inc.'s contention that this claim was inadequately alleged because the complaint "contains no allegations that Mr. Wade read the product label." Dkt. No. 14-1 at 13. True, Wade's failure to read the label would "fatally undermine[] [Lemley's] claim that the warning itself was inadequate," because it would disprove that language absent from the warning proximately caused Wade to drink Red Bull. Grieco v. Tecumseh Prods. Co., No. 4:12-CV-195, 2013 WL 5755436, at *5 (S.D. Ga. Oct. 23, 2013); see also Camden Oil Co. v. Jackson, 609 S.E.2d 356, 358 (Ga. Ct. App. 2004). But Lemley did not admit that Wade never read the label. The complaint is merely silent on this point. This silence does not foreclose Lemley's case. See Sheckells v. AGV-USA Corp., 987 F.2d 1532, 1536 (11th Cir. 1993) (reversing grant of summary judgment to defendants because plaintiff "did not testify that he did not read the warnings, only that he did not remember doing so."); In re Stand 'N Seal Prods. Liab. Litig., No. 1:07MD1804, 2009 WL 2145911, at *6 (N.D. Ga. July 15, 2009) (same, denying summary judgment). Plaintiffs are not required to plead away defendants' every possible defense.

## III. LEMLEY'S NEGLIGENCE CLAIMS ARE DISMISSED.

Likewise, Lemley's negligent design, manufacture, and sale claim, and her negligent failure to warn claim, are due to be dismissed. "[B]efore any negligence, even if proven, can be actionable, that negligence 'must be the proximate cause of the injuries sued upon.'" Edwards v. Campbell, --- S.E.2d ---, No. A16A0755, 2016 WL 6024275, at *4 (Ga. Ct. App. Oct. 14, 2016).

## IV. LEMLEY'S FRAUD CLAIM IS DISMISSED.

The same is true of Lemley's fraud claim. Duke Galish, LLC v. Manton, 662 S.E.2d 880, 885 (Ga. Ct. App. 2008) ("[A]n essential element of a fraud claim is proximate cause.").

This claim must also be dismissed because the complaint fails to meet the heightened pleading standard imposed by Federal Rule of Civil Procedure 9(b). The Rule requires the complaint to state

> (1) precisely what . . . omissions were made, and (2) the time and place of each such statement and the person responsible for . . . not making[] same, and (3) the content of such statements and the manner in which they misled the plaintiff, and (4) what the defendants obtained as a consequence of the fraud.

Ziemba v. Cascade Int'l, Inc., 256 F.3d 1194, 1202 (11th Cir. 2001) (quoting Brooks v. Blue Cross & Blue Shield of Fla., Inc., 116 F.3d 1364, 1371 (11th Cir. 1997)) (quotation omitted in original). The complaint here merely gives the Court some

reason to believe that Red Bull, Inc. profited by selling Wade some Red Bull. Dkt. No. 1 ¶¶ 74-83. Therefore, Lemley's fraud claim must be dismissed.

**V. LEMLEY'S IMPLIED WARRANTIES CLAIM IS DISMISSED.**

Lemley's claim for breach of implied warranties must also be dismissed, albeit for a different reason. A Georgia claim for breach of implied warranties requires plaintiff-defendant privity. <u>In re Mentor Corp.</u>, 711 F. Supp. 2d at 1365. The complaint alleges that Red Bull, Inc. "was in the business of selling RED BULL" and "[sold], deliver[ed] and/or distribut[ed] the defective RED BULL to Mr. Wade." Dkt. No. 1 ¶¶ 86, 93. However, it also alleges that Red Bull, Inc. sent Wade's Red Bull into "the stream of commerce." <u>Id.</u> ¶ 35; <u>see also</u> <u>id.</u> ¶¶ 47, 51. Red Bull, Inc. disavows "direct seller-purchaser privity" with Wade. Dkt. No. 14-1 at 18; <u>see also</u> Dkt. No. 22 at 3. Lemley did not reply to this disavowal. <u>See generally</u> Dkt. No. 20. It is, then, undisputed that Red Bull, Inc. "did not sell [Red Bull] directly to [Wade]," and so lacked privity with him. <u>In re Mentor Corp.</u>, 711 F. Supp. 2d at 1366.

Thus, Lemley's claim for breach of implied warranties will be dismissed. Furthermore, the Court will dismiss this claim <u>with</u> prejudice, finding no reason to think that "a more carefully drafted complaint might state a claim." <u>Bank v.</u>

9

Pitt, 928 F.2d 1108, 1112 (11th Cir. 1991) (per curiam), overruled in part, Wagner v. Daewoo Heavy Indus. Am. Corp., 314 F.3d 541 (11th Cir. 2002) (en banc) (unanimous opinion).

**VI. LEMLEY'S WRONGFUL DEATH CLAIM IS DISMISSED.**

With all of Lemley's direct claims requiring dismissal, her wrongful death claim also fails. "Under Georgia law ... a suit for wrongful death is derivative to the decedent's right of action. A survivor cannot recover for the decedent's wrongful death if the decedent could not have recovered in his or her own right." Dion v. Y.S.G. Enters., Inc., 766 S.E.2d 48, 50 (Ga. 2014) (quoting Mowell v. Marks, 603 S.E.2d 702, 704 (Ga. Ct. App. 2004)) (alterations in original). The Court has already held that it must dismiss the claims that Wade could have brought. Thus, this claim meets the same outcome.

**VII. LEMLEY'S CLAIM FOR PUNITIVE DAMAGES IS DISMISSED.**

Also derivative to the other claims is Lemley's claim for punitive damages. See, e.g., Stephen A. Wheat Tr. v. Sparks, 754 S.E. 2d 640, 648 (Ga. Ct. App. 2014). It must therefore also be dismissed.

CONCLUSION

For the reasons above, Red Bull, Inc.'s Motion to Dismiss, dkt. no. 14, is **GRANTED**. Plaintiffs' claims are **DISMISSED WITHOUT PREJUDICE**, except for breach of implied warranties, which is **DISMISSED WITH PREJUDICE**. All pending

motions in this case are **DISMISSED AS MOOT**. The Clerk of Court is **DIRECTED** to enter the appropriate judgment of dismissal.

**SO ORDERED**, this 9th day of December, 2016.

LISA GODBEY WOOD, CHIEF JUDGE
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF GEORGIA

○ 72A
.ev. 8/82)